|,DALEY, J.
On January 12, 1998, the plaintiff, Ale-tha Fisher, filed suit against Walgreens Louisiana Corporation, Inc., (Walgreens), alleging that she sustained damages as a result of the defendant’s employee negligently filling her prescription on January 9, 1997. She further alleged that she did not realize that the hand cream prescription had been improperly filled until January 11, 1997. Walgreens answered with a general denial, then filed an Exception of Prescription, arguing plaintiffs action had prescribed. The plaintiff has appealed the trial court’s granting of Walgreens’ Exception of Prescription.
Pursuant to Article 3492 of the Louisiana Civil Code, a delictual action must be filed within one year “from the day injury or damage is sustained.” The plaintiff bears the burden of showing why prescription has not run when the face of the petition reveals that the action has prescribed. Anderson v. Beauregard Memorial Hospital, 97-1222 (La.App. 3rd Cir.3/6/98), 709 So.2d 283.
IsThe plaintiff argues that although the cream was prescribed, purchased, and used on January 9, 1997, she did not discover she was given the incorrect cream until January 11, 1997. She further argues that since January 11, 1998 was a Sunday, her suit was timely filed on January 12,1998.
The long-standing rule of law is “an injured party need not have actual knowledge of his condition for purposes of starting the statute of limitations for delictual actions, as long as there is ‘constructive notice,’ that is information sufficient to incite curiosity, excite attention, or put a reasonable person on guard to call for inquiry.” Boyd v. B.B.C. Brown Boveri, Inc., 26,889 (La.App. 2nd Cir.5/10/95), 656 So.2d 683, 688, writ not considered, 95-2387 (La.12/8/95), 664 So.2d 417.
In her deposition, plaintiff testified that she had used Topicort cream for a couple of years. It was prescribed by her physician to treat the dry skin on her hands caused by diabetes mellitus. She explained that she received a new prescription for Topicort on January 9, 1997, and went to Walgreens to have the prescription filled. Plaintiff further testified that in the past the Topicort cream she was given was in a blue and white tube. When she opened the bag to look at the cream on January 9, 1997, she immediately noticed this tube was red and white. She testified that she questioned Walgreens personnel as to the different color of the tube and further testified:
... she told me it was the same cream, and I knew it wasn’t because you could feel — When you put it on, it was like more of a greasier one than the first cream I had.
Deposition of Althea Fisher, page 29, lines 4-8.
During her deposition, the plaintiff was questioned as to the first time she noticed a problem with the cream, and she answered:
|/That night [January 9, 1997] when I applied it, I told my son, I said — I screamed, T don’t feel good.’ I said, ‘It make my hand feel like it itching.’ Like red spots started breaking out on it. I said, T don’t know if it’s the same cream or not.’ And I Said, ‘I should get up and go and check this cream out.’ So I waited until the next morning and my hand was swollen up and it was red and infected. That’s when I went to the doctor.
Deposition of Althea Fisher page 36, lines 15-24.
Later during the deposition, the following exchange took place:
Before you went to the doctor, did it occur to you that maybe there was something wrong with the cream that you had put on your hand?
It had to be, because like I say, I had used Topicort cream before and it had never done that.
*163 Deposition of Althea Fisher page 53, lines 23-25.
Applying the case law to this testimony, we find that the plaintiff had knowledge that she may have been given the incorrect cream on January 9th, 1997. She also had knowledge that she sustained damage from the use of the cream. Thus, the trial court correctly granted the defendant’s Exception of Prescription.
Appellant also asserts as error the trial court dismissal of her petition for failure to serve timely. This assignment of error is not addressed since the prescription issue is dispositive.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.